UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

KHAREY WISE, et al.

　　　v.

THE CITY OF NEW YORK, et al.

───────────────────────────────

#3

Dkt. No. 03 cv 9974 (DAB)

MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A
LATE NOTICE OF CLAIM AGAINST THE COUNTY OF NEW YORK

Lennox S. Hinds, Esq.
Stevens, Hinds & White, PC
Attorneys for Plaintiffs
116 W. 111th Street
New York, NY 10026
212 864 4445

## STATEMENT OF FACTS

Plaintiff Kharey Wise, then sixteen years old, was arrested in April, 1989, and and, while in custody questioned by police officers, and by New York County Assistant District Attorneys Elizabeth Lederer, Tim Clements. Although Wise stated during his questioning that he had been yelled at and struck by police officers, and although he provided details of the alleged rape of which he was accused which contradicted physical evidence known to the police and the District Attorneys, his confession was utilized in prosecuting him.

He was convicted of sexual abuse and riot in December, 1990, and served over thirteen years in prison for his alleged role in the rape of Patricia Meili, known to the public as "the Central Park jogger." In December, 2003, New York County Supreme Court Justice Charles Tejeda granted Wise's motion to vacate his conviction, based on compelling evidence that Matias Reyes, acting alone, had committed the crime.

This suit has been brought against the police and county District Attorney's office employees whose violations of Kharey Wise's rights brought about his malicious prosecution and false imprisonment.

## LEGAL ARGUMENT

Point    PLAINTIFF'S APPLICATION TO SERVE A LATE NOTICE OF CLAIM FITS THE STATUTORY CRITERIA WHICH MILITATE IN FAVOR OF GRANTING SUCH A MOTION

Under New York General Municipal Law § 50-e (5), the Court may grant leave for a claimant to file a late notice of claim against a municipal corporation. Under New York County Law § 700, the District Attorney's office is a part of the County government, and is thus entitled to service of a notice of claim under G.M.L. § 50-e.

Under GML § 50-e (5), the Court, in considering a motion for leave to file a late notice of claim, shall consider "in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter." In the case at bar, the New York County District Attorney had actual knowledge of the essential facts on which the claim was made at the latest, when the motion to vacate Plaintiff Kharey Wise's conviction was served on him, *prior to* the accrual of the claim by the granting of that motion. The District Attorney's office also conducted its own investigation in determining how to respond to the motion.

For the same reason, an additional consideration mandated by the statute is satisfied. The delay in serving the notice of claim has not "substantially prejudiced the public corporation in maintaining its defense on the merits". Additionally, it is highly unlikely that the facts concerning events which occurred over fifteen years ago which are the basis of the County's liability were any more available within ninety days of the granting of Plaintiff's motion to vacate his conviction than they are today, some nine months later.

The statute also directs the court to consider whether the claimant in serving a notice



of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted. As detailed in the accompanying Declarartion, Plaintiff's counsel was under the misapprehension until a few days ago that the Notice of Claim timely served on the City of New York was notice to the County of New York. This error as to the intricacies of municipal law is excusable, and is provided for by the General Municipal Law.

CONCLUSION

This Court should grant Plaintiff leave to serve a late notice of claim on Defendant County of New York.

Respectfully submitted,

Lennox S. Hinds, Esq.
Attorney for Plaintiffs