

*4*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------

KHAREY WISE; DOLORIS WISE; DANIEL WISE; MICHAEL WISE; VICTOR WISE; and NORMAN WISE,

Plaintiffs,

-against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT; NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE; NEW YORK COUNTY DISTRICT ATTORNEY ROBERT MORGENTHAU; CITY POLICE COMMISSIONER RAYMOND KELLY; FORMER NEW YORK CITY POLICE COMMISSIONER BENJAMIN WARD; FORMER NEW YORK CITY POLICE DEPARTMENT CHIEF OF DETECTIVES COLANGELO; FORMER NEW YORK CITY POLICE DEPARTMENT MANHATTAN CHIEF OF DETECTIVES ROSENTHAL; FORMER NEW YORK CITY POLICE DEPARTMENT CHIEF OF PATROL BOROUGH MANHATTAN NORTH SELVAGGI; NEW YORK CITY POLICE DETECTIVES RAMON ROSARIO, CARLOS GONZALEZ, HARRY HILDEBRANDT, MICHAEL SHEEHAN, JOHN HARTIGAN, THOMAS MCKENNA, HUMBERTO ARROYO, SCOTT JAFFER, JOHN O'SULLIVAN, JOHN TAGLIONI, BILL KELLY, ROBERT NUGENT, BRUNO FRANCISCI, THOMAS McCABE; NEW YORK CITY POLICE SUPERVISORY DETECTIVES DEPUTY INSPECTOR POWELL, SERGEANT ROBERT FISTON, LIEUTENANT JACK DOYLE; NEW YORK CITY POLICE DETECTIVES JOHN DOES AND MARY ROES; NEW YORK COUNTY ASSISTANT DISTRICT ATTORNEYS LINDA FAIRSTEIN ELIZABETH LEDERER AND TIM CLEMENTS,

Defendants.

----------------------------------------

03 Civ. 9974(DAB)

<u>Calendar date</u>: January 4, 2004



## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE A LATE NOTICE OF CLAIM

District Attorney Robert M. Morgenthau submits this memorandum of law in opposition to plaintiff's motion for leave to serve a late notice of claim. In this action, plaintiffs are seeking to recover under federal and state law for purported misconduct that occurred during the investigation

and prosecution of plaintiff Kharey Wise in connection with New York County Indictment Number 4762/89.  In their present motion, which has been made returnable on January 4, 2004,[1] plaintiffs seek permission to serve a late notice of claim upon the County of New York for state law claims of false imprisonment, malicious prosecution and negligent training and supervision against, inter alia, District Attorney Morgenthau (see Plaintiffs' Proposed Notice of Claim, pp. 1-2).  Plaintiffs' motion should be denied, for the simple reason that this Court lacks the power to award plaintiffs the relief sought.

Under New York General Municipal Law §§ 50-e and 50-i, service of a notice of claim is a condition precedent to bringing a tort claim against a public corporation or any of its officers, agents, or employees.[2]  See Davidson v. Bronx Mun. Hosp., 64 N.Y.2d 59, 61-62, 484 N.Y.S.2d 533, 534 35 (1984); O'Brien v. City of Syracuse, 54 N.Y.2d 353, 358, 445 N.Y.S.2d 687, 689 (1981).  New York law further requires that a notice of claim be served "within ninety days after the claim arises." N.Y. Gen. Mun. Law § 50-e(1)(a).  Here, plaintiffs' claims accrued, at the latest, on December 19, 2002, the date Kharey Wise's criminal conviction was vacated by the New York State criminal court (see Complaint ¶ 59).  See Vitale v. Hagan, 71 N.Y.2d 955, 528 N.Y.S.2d 823 (1988), modifying and adopting dissent below, 132 A.D.2d 468, 470-72, 517 N.Y.S.2d 725, 727-28 (1st Dept. 1987) (Murphy, P.J., dissenting) (malicious prosecution claim accrues when trial court enters judgment dismissing criminal action); Palmer v. City of New York 226 A.D.2d 149, 640 N.Y.S.2d 92 (1st Dept. 1996)

---

[1] Given that plaintiffs motion papers are dated December 19, 2003, the return date selected by plaintiffs -- a mere ten business days following the date of service (assuming that service was completed on December 19, 2003) -- indicates that they have waived any right to reply to this opposition.  See S.D.N.Y. Local Civ. R. 6.1(b).

[2] In actions against individual defendants, this requirement applies only if the pertinent public corporation, in this case the City of New York, is obligated to indemnify that person for his conduct.  See N.Y. Gen. Mun. Law § 50-e(1)(b).  Since the City of New York owes such an indemnification obligation to District Attorney Morgenthau (as well as the other prosecutors named in the complaint), see N.Y. Gen. Mun. Law § 50-k; N.Y. City Admin. Code § 7-110, there is no doubt that this notice of claim requirement is presently applicable.

(false imprisonment claim accrues upon release from custody).[3]  Accordingly, plaintiffs had until March 19, 2003 to file a timely notice of claim.  By their own admission, plaintiffs have not done so, at least with respect to their claims against District Attorney Morgenthau and the other New York County prosecutor-defendants named in the complaint (see Hines Declaration ¶¶ 6-8).

New York General Municipal Law § 50-e(5) provides that a plaintiff may seek leave of court to file a late notice of claim, provided that the application is made within "the time limited for the commencement of an action by the claimant against the public corporation."  In other words, "the application for the extension may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued, unless the statute has been tolled." Pierson v. City of New York, 56 N.Y.2d at 954, 453 N.Y.S.2d at 617; see also N.Y. Gen. Mun. Law § 50-i(1).  Applications for leave to file a late notice of claim are, in turn, governed by New York General Municipal Law § 50-e(7), which provides that "[a]ll applications under this section shall be made to the supreme court or to the county court: (a) in a county where the action may properly be brought for trial, (b) if an action to enforce the claim has been commenced, in the county where the action is pending, or (c) in the event that there is no motion term available in any of the counties specified in clause (a) or (b) hereof, in any adjoining county" (emphasis added).

As this underscored language makes clear, New York law expressly delimits the courts authorized to allow the filing of a late notice of claim, and provides that only a New York State Supreme Court or County Court is empowered to grant that relief.  And, in view of this unambiguous statutory language, it has been held that "federal courts do not have jurisdiction to permit the filing of a

---

[3] Plaintiffs' claim for negligent training and supervision against DA Morgenthau accrued much earlier, however.  Indeed, this claim accrued, at the latest, on December 11, 1990, when Kharey Wise was convicted in state court (Complaint ¶ 43).  See Murray v. City of New York, 283 A.D.2d 560, 561, 725 N.Y.S.2d 73, 74-75 (2d Dept. 2001).  Thus, even if the Court could entertain plaintiffs' present application, but see discussion infra, it would not have the authority to allow plaintiffs to include this claim in any late notice of claim.  See Pierson v. City of New York, 56 N.Y.2d 950, 955-56, 453 N.Y.S.2d 615, 617 (1982).

late notice of claim." Warner v. Goshen Police Dep't, 256 F. Supp. 2d 171, 175 (S.D.N.Y. 2003); see also, e.g., Feingold v. Hankin, 269 F. Supp. 2d 278, 285 (S.D.N.Y. 2003); Lauro v. City of New York, 39 F. Supp. 2d 351, 369 (S.D.N.Y. 1999), rev'd on other grounds, 219 F.3d 202 (2d. Cir. 2000); Brown v. Metropolitan Transit Auth., 717 F. Supp. 257, 259-61 (S.D.N.Y. 1989); Lipinski v. Skinner, 700 F. Supp. 637, 638-40 (N.D.N.Y. 1988). Accordingly, because this Court lacks the power to entertain plaintiffs' application, for this fundamental reason plaintiff's motion must be denied.

WHEREFORE, Plaintiffs' motion for leave to file a late notice of claim should be denied.

Dated:   New York, New York
         December 30, 2003

> **ROBERT M. MORGENTHAU**
> District Attorney, New York County
> as Special Assistant Corporation Counsel
> One Hogan Place
> New York, New York 10013
> (212) 335-9000 (telephone)
> (212) 335-9288 (facsimile)
>
> By: _____
>      Michael S. Morgan (MM-9360)
>      Assistant District Attorney
>      Of Counsel

To:   Lennox S. Hinds
      Stevens, Hinds & White, PC
      Attorneys for Plaintiffs
      116 West 111th Street
      New York, New York  10026

-4-

STATE OF NEW YORK     )
                                         ) ss.:  Kharey Wise v. City of New York, 03 Civ. 9974 (DAB)
COUNTY OF NEW YORK )


Jeannie Chung, being duly sworn, deposes and says that I am not a party to the within

action, and I am over 18 years of age.

On December 30, 2003, I served 1 copy/copies of this Memorandum of Law on the

parties and persons below at the address(es) below designated by him/her/them for that

purpose:

[ ]      by delivering the copy/copies to said persons listed personally.

[ ]      by delivering the copy/copies to the offices of said persons and leaving it with a suitable
         person in each office or in a conspicuous place therein.

[x]      by mailing the copy/copies to the said person at the address designated for that
         purpose by depositing the same with the United States Postal Service in a first-class,
         properly-addressed, postage-paid wrapper.

[ ]      by dispatching the copy/copies to said person at the address designated for that
         purpose by depositing the copy, enclosed in a properly-addressed wrapper, in the
         custody of an overnight delivery service for overnight delivery, prior to the latest time
         designated by said service for overnight delivery.

[ ]      by transmitting the copy/copies to said person by electronic means, at the telephone
         number designated for that purpose, and having received a signal from the equipment
         of said person indicating that the transmission was received; and by mailing ____
         copy/copies to said person at the address designated for that purpose through the
         United States Postal Service in a first-class, properly-addressed, postage-paid wrapper.

Lennox S. Hinds
Stevens, Hinds & White, PC
116 West 111th Street
New York, New York 10026


Sworn to before me this 30
day of _____ , 20 03
_____
     Notary Public

CAROL F. D'ELENA
Notary Public, State of New York
No. 01D 4844147
Qualified in _____ County
Certificate _____ of New York County
Commission Expires _____ 31, 2005

# United States District Court

### Southern District of New York

_____                    03 Civ. 9974(DAB)

KHAREY WISE; DOLORIS WISE; DANIEL WISE; MICHAEL WISE; VICTOR WISE; and NORMAN WISE,

*Plaintiffs,*

*-against-*

THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT; NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE; NEW YORK COUNTY DISTRICT ATTORNEY ROBERT MORGENTHAU; CITY POLICE COMMISSIONER RAYMOND KELLY; FORMER NEW YORK CITY POLICE COMMISSIONER BENJAMIN WARD; FORMER NEW YORK CITY POLICE DEPARTMENT CHIEF OF DETECTIVES COLANGELO; FORMER NEW YORK CITY POLICE DEPARTMENT MANHATTAN CHIEF OF DETECTIVES ROSENTHAL; FORMER NEW YORK CITY POLICE DEPARTMENT CHIEF OF PATROL BOROUGH MANHATTAN NORTH SELVAGGI; NEW YORK CITY POLICE DETECTIVES RAMON ROSARIO, CARLOS GONZALEZ, HARRY HILDEBRANDT, MICHAEL SHEEHAN, JOHN HARTIGAN, THOMAS MCKENNA, HUMBERTO ARROYO, SCOTT JAFFER, JOHN O'SULLIVAN, JOHN TAGLIONI, BILL KELLY, ROBERT NUGENT, BRUNO FRANCISCI, THOMAS McCABE; NEW YORK CITY POLICE SUPERVISORY DETECTIVES DEPUTY INSPECTOR POWELL, SERGEANT ROBERT FISTON, LIEUTENANT JACK DOYLE; NEW YORK CITY POLICE DETECTIVES JOHN DOES AND MARY ROES; NEW YORK COUNTY ASSISTANT DISTRICT ATTORNEYS LINDA FAIRSTEIN ELIZABETH LEDERER AND TIM CLEMENTS,

*Defendants.*

---

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE A LATE NOTICE OF CLAIM

---

ROBERT M. MORGENTHAU
District Attorney, New York County
as Special Assistant Corporation Counsel
One Hogan Place
New York, New York 10013
(212) 335-9000

By: MICHAEL S. MORGAN (MM-9360)